NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALERIE HOPPMAN, | No. 18-35368 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00402-BR |
| v. | |
| LIBERTY MUTUAL INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted June 3, 2019
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and ZIPPS,[**] District Judge.

Valerie Hoppman sued her employer, Liberty Mutual Insurance Company

(LMIC), for allegedly failing to accommodate her disability under the Americans

with Disabilities Act (ADA), 42 U.S.C. § 12112(a), and Oregon Public

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

Accommodation Act, Or. Rev. Stat. § 659A.112. The district court granted summary judgment for LMIC, concluding Hoppman was not disabled because she was able to work at least 40 hours a week, although unable to work overtime. We affirm the summary judgment, but on an alternative ground. *See Gulf USA Corp. v. Fed. Ins. Co.*, 259 F.3d 1049, 1060 n.13 (9th Cir. 2001) ("[W]e may affirm summary judgment on an alternative ground to that given by the district court if the record fairly supports the alternative ground."). Assuming that Hoppman was disabled, LMIC was entitled to judgment because there is no dispute that Hoppman failed to engage in a good faith interactive process with her employer.

1. To prevail on a failure-to-accommodate claim under the ADA, a plaintiff must establish as a threshold matter that she has a disability, defined as "a physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102 (1)(A); *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012). The district court cited several circuit decisions to support the conclusion that an employee is not substantially limited as a matter of law if she is capable of working at least 40 hours a week. Congress amended the ADA in 2008, however, to make it easier for plaintiffs to establish the existence of a substantially limiting impairment—even for a plaintiff claiming a substantial limitation on her ability to work. § 2 (a)(4)-(6) Pub. L. No. 110-325, 122 Stat. 3553; *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014). Now, "[t]he

18-35368

primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred," rather than "whether an individual's impairment substantially limits a major life activity." 29 C.F.R. § 1630.2 (j)(1)(iii). Determining whether an impairment is substantially limiting "requires an individualized assessment." *Id.* § 1630.2 (j)(1)(iv). The district court did not consider the effect of the 2008 amendments. We therefore decline to affirm the district court's conclusion that Hoppman was not disabled because she was able to work at least 40 hours a week.

2. We nonetheless affirm the district court's grant of summary judgment on the alternative basis, fully briefed below, that Hoppman failed to engage in a good faith interactive process with LMIC. The ADA requires an employee to engage in a good faith interactive process with her employer to identify appropriate accommodations, in part because "the employee holds essential information for the assessment of the type of reasonable accommodation which would be most effective." *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1113–15 (9th Cir. 2000) (en banc), *vacated on other grounds*, 535 U.S. 391 (2002). The obligation to engage in a good faith interactive process is ongoing and extends beyond an initial effort to communicate. *See Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1138 (9th Cir. 2001).

18-35368

3. When Hoppman first requested an accommodation from LMIC, she had already been granted short-term disability leave and was pursuing long-term disability leave. While on leave, she sent monthly emails to her supervisor confirming that her doctor had not yet cleared her to return to work. Hoppman did not suggest during this period that if she were provided with an accommodation, she would be able to return. And, after Hoppman's request for long-term leave had been denied, and her short-term disability leave had expired, Hoppman stopped communicating with LMIC entirely—despite LMIC's explicit request that she "[p]lease notify us when you are able to return to work," and despite a subsequent note from her doctor clearing her. LMIC did not terminate Hoppman's position until the following year. We therefore conclude that there is no genuine issue of material fact that Hoppman failed to engage in a good faith interactive process.

**AFFIRMED.**

18-35368